UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH PRINCE, | ) | 3:16-cv-00502-HDM-WGC |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation, | ) ) ) | |
| Defendant. | ) ) | |

Before the court is defendant Oregon Mutual Insurance Company's ("Oregon Mutual") motion to dismiss for lack of personal jurisdiction, in the alternative to dismiss for improper venue, in the alternative to transfer for improper venue, or in the alternative to transfer for convenience. (ECF No. 5). Plaintiff responded (ECF No. 7) and Oregon Mutual replied (ECF No. 8).

**I.  Background**

This action arises out of a coverage dispute between plaintiff, an Idaho resident, against Oregon Mutual, an Oregon corporation whose principal place of business is Oregon, regarding plaintiff's claim for underinsured motorist coverage.  On June 30, 2011, plaintiff was

1

1  involved in a car accident with Courtney Spring on State Route 225
2  near the Wild Horse Recreation Area, Elko, County, Nevada. Plaintiff
3  was the permissive driver of the truck owned by Doug Smith.  Doug
4  Smith had a personal automobile insurance policy with Farmers
5  Insurance Group, issued in Idaho, which had underinsured motorist
6  limits of $100,000.  Plaintiff also had a personal automobile
7  insurance policy with Oregon Mutual, issued in Idaho, covering
8  plaintiff as an insured and had underinsured motorist limits of
9  $100,000. Plaintiff's medical expenses resulting from the accident
10 exceed $99,728.32 and his loss of earnings exceed $96,492.64.   On
11 November 15, 2011, plaintiff filed suit against Courtney Spring. On
12 June 13, 2013, plaintiff received the liability limits of $100,000
13 from Courtney Spring.  Plaintiff alleges that "[t]he difference in
14 limits or offset underinsured motorist coverage required the first
15 $100,000 of the $200,000 underinsured motorist coverage available to
16 Plaintiff to be offset against the $100,000 liability limits paid by
17 Courtney Spring through his personal automobile liability insurance
18 policy, thereby providing $100,000 in underinsured motorist benefits
19 available to Plaintiff as compensation for his serious and permanent
20 injuries."  (ECF No. 1 at ¶ 17).
21      On August 25, 2016, Plaintiff filed a complaint requesting
22 declaratory relief regarding whether the automobile insurance policy
23 provided by Oregon Mutual provides $100,000 underinsured motorist
24 coverage to plaintiff for the injuries plaintiff sustained as a result
25 of a June 30, 2011 accident. (ECF No. 1).  The complaint states that
26 there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that
27 venue is appropriate in this district pursuant to 28 U.S.C.
28 § 1391(b)(2) because a substantial part of the events or omissions

2

giving rise to the claim occurred in this district.

**II.  Motion to Transfer Venue**

The court first addresses the Oregon Mutual's motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  Section 1404 establishes that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party bears the burden of showing that an adequate alternative forum exists.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n. 22 (9th Cir. 2000).

Motions to transfer under § 1404(a) are adjudicated through an "individualized, case-by-case consideration of convenience and fairness."  *Id.* at 498 (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In determining whether transfer is appropriate in a particular case, the court is required to weigh multiple factors.

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

**A.  Action Could Have Been Brought in the District of Idaho**

Here, the action could have been brought in the United States District Court for the District of Idaho, Southern Division.  First, venue is proper because substantial conduct giving rise to the claim occurred in Idaho-the insurance contract was executed in Idaho and the alleged denial of coverage occurred in Idaho.  *See* 28 U.S.C.

3

§ 1391(b)(2). Second, the federal district court in Idaho has personal jurisdiction over the defendant as Oregon Mutual has sufficient minimum contacts with Idaho. Oregon Mutual does business writing insurance policies in Idaho and executed the contract at issue in Idaho. Finally, the parties do not dispute that the federal district court in Idaho would have diversity jurisdiction over plaintiff's claims.

**B.   Convenience of the Parties and Interests of Justice**

**1.   Where relevant agreements were negotiated and executed**

The only agreement at issue is the insurance contract entered into between Oregon Mutual and Ronetta Smith. (ECF No. 5, Exhibit A). The record reflects that this agreement was negotiated and executed in Idaho. This factor therefore favors transfer.

**2.   State most familiar with the governing law**

The parties agree that Idaho law applies to the interpretation of the insurance contract. As an Idaho court would be more familiar with the application of Idaho law, this factor favors transfer. *See Decker Coal*, 805 F.2d at 843 (holding courts may consider "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action").

**3.   Plaintiff's choice of forum**

Plaintiff filed this action in Nevada. Therefore this factor weighs against transfer.

**4.   Parties' Contacts with Nevada**

Plaintiff is an Idaho resident, but was temporarily employed in Nevada at the time of the accident. Oregon Mutual is an Oregon corporation whose principal place of business is Oregon. Oregon Mutual's present business activity in Nevada is limited solely to

4

winding up any outstanding claims that occurred prior to the surrender of its Certificate of Authority to do insurance business in Nevada. Plaintiff resides in Idaho and Oregon Mutual negotiated and entered into the insurance contract, the subject of this action, in Idaho. Therefore the court concludes that the parties contacts' with Nevada are not as substantial as those with Idaho.

**5.     Parties' Contacts Relating to Prince's Claims**

Plaintiff's contacts with Nevada are limited. His only connection to Nevada is that the accident triggering his request for underinsured motorist covered occurred in Nevada. There is no allegation that the wrongdoing that is the basis of the complaint occurred in Nevada other than the fact that Oregon Mutual sent its denial of underinsured motorist benefits to Nevada. Because the parties' contacts with Nevada relating to plaintiff's claims are not substantial and the actions that plaintiff complains of did not take place here, this factor also favors transfer.

**6.     Cost of Litigation**

Plaintiff is an Idaho resident and the contract was entered into in Idaho. Oregon Mutual is an Oregon corporation and does business in Oregon. Therefore it is more likely cost-effective for this action to transfer to Idaho.

**7.     Availability of Compulsory Process to Compel Witnesses**

No non-party witnesses have been identified as residing in Nevada. Plaintiff represents that he does not anticipate the need to depose any witnesses or to utilize compulsory process. (ECF No. 7 at 7). Accordingly, this factor is neutral.

**8.     Access to Sources of Proof**

Plaintiff states that he has "most if not all the documentation

5

necessary to present this matter to the Court." (ECF No. 7 at 7). This factor is therefore neutral.

### 9. Additional Factor- Issue of Personal Jurisdiction

Idaho clearly has personal jurisdiction over Oregon Mutual. However, there is a substantial question whether this court has personal jurisdiction over Oregon Mutual. Because the court concludes that convenience and fairness weigh heavily in favor of a transfer it is unnecessary for the court to decide whether it has personal jurisdiction over Oregon Mutual.[1]

## III. Conclusion

In accordance with the foregoing, Oregon Mutual's motion to transfer is granted. This action is hereby transferred to the United States District Court for the District of Idaho, Southern Division. The remaining motions raised in defendant's omnibus motion (ECF No. 5) are denied without prejudice to renew.

IT IS SO ORDERED.

DATED: This 28th day of March, 2017.

_Howard D McKibben_
UNITED STATES DISTRICT JUDGE

---

[1] The court can transfer under § 1404(a) regardless of whether it has personal jurisdiction over the defendant. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *Stanbury Elec. Eng'g, LLC v. Energy Prod., Inc.*, 2016 WL 3255003, at *1 (W.D. Wash. June 13, 2016); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1211 (D. Haw. 2002) ("[T]his court may transfer venue under . . . § 1404(a) . . . without regard to whether it has personal jurisdiction over" the defendant.).